UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATHAN J. ALLEN,[1] | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   Case No. 21-CV-0527-CVE-SH |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Nathan Allen, an Oklahoma prisoner appearing pro se,[2] petitions for a writ of habeas corpus, under 28 U.S.C. § 2254, claiming he is illegally detained, under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-1355. Relying on the United States Supreme Court's decision in McGirt v. Oklahoma, 140 S. Ct. 2452 (2020), Allen alleges that he was denied due process because the State of Oklahoma (the state) lacked jurisdiction to prosecute him given that he is a member of the Muscogee (Creek) Nation and he committed his crime of conviction within the boundaries of the Muscogee (Creek) Nation Reservation.[3] Dkt. #

---

[1] Respondent Scott Crow notes, and the record shows, that Allen's middle initial is "J." Dkt. # 9, at 1 n.1; Dkt. # 9-1, at 1. The Court therefore directs the Clerk of Court to correct the record to reflect that petitioner's name is Nathan J. Allen.

[2] Because Allen appears without counsel, the Court liberally construes his filings, but the Court does so without crafting arguments on his behalf. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[3] In July 2020, the McGirt Court held that Congress has not disestablished the Muscogee (Creek) Nation Reservation, that the land within the boundaries of that reservation is therefore Indian country, as defined in 18 U.S.C. § 1151(a), and that certain crimes committed within the boundaries of that reservation by Native American defendants who are considered "Indian" under federal law must be prosecuted in federal court. 140 S. Ct. at 2474, 2479.

1, at 5-10.[4]  Respondent Scott Crow moves to dismiss the petition, asserting that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief.  Dkt. ## 8, 9.  Having considered Allen's petition (Dkt. # 1), Crow's motion to dismiss (Dkt. # 8) and brief in support of the motion (Dkt. # 9), Allen's response in opposition to the motion (Dkt. # 10), and applicable law, the Court grants Crow's motion and dismisses Allen's petition.

I.

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254.  The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the limitation period expires.  Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006).  Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in rare or

---

[4] For consistency, the Court's citations refer to the CM/ECF header pagination.

2

exceptional circumstances, toll the limitation period for equitable reasons. Holland v. Florida, 560 U.S. 631, 645 (2010); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000).[5] To obtain equitable tolling, the petitioner must identify specific facts showing (1) that the petitioner acted with reasonable diligence in pursuing federal claims challenging a state-court judgment and (2) that extraordinary circumstances prevented the petitioner from filing a timely federal habeas petition seeking relief as to those claims. Holland, 560 U.S. at 649; Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008).

## II.

Crow contends (1) that the petition is untimely under § 2244(d)(1)(A), (2) that Allen has not shown that the petition is timely under any other provision of § 2244(d)(1), and (3) that Allen has not shown that equitable tolling is warranted. Dkt. # 9, at 3-8. Allen urges the Court to deny Crow's motion for two reasons. First, he contends that the petition is timely because he "filed his post-conviction within one (1) year of" the McGirt decision. Dkt. # 1, at 18. Second, he contends that a claim challenging the trial court's subject-matter jurisdiction cannot be waived and may be raised at any time. Dkt. # 10, at 1-3. For three reasons, the Court rejects Allen's arguments and agrees with Crow that the statute of limitations bars relief.

## A.

First, the petition is not timely under § 2244(d)(1)(A). Under that provision, the one-year

---

[5] Federal courts also may excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence." McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). Even under the rule of liberal construction, the Court does not read Allen's petition or response as asserting that he is innocent of the crime to which he pleaded guilty. Rather, his complaint is that the state improperly exercised criminal jurisdiction when it prosecuted him for that crime. Dkt. # 1, at 5-10.

limitation period begins to run on the date that the challenged state-court judgment becomes final. For petitioners who seek direct review of a state-court judgment, the judgment becomes final when the last reviewing court issues a final decision affirming the judgment. Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). For petitioners who do not seek direct review, the judgment becomes final when the time expires to seek direct review. Id. Allen challenges a state-court judgment entered against him on October 16, 2017, and he concedes that he did not seek direct review of this judgment. Dkt. # 1, at 1-2; Dkt. # 9, at 1. Because Allen's conviction resulted from a guilty plea, Allen had ten days from the date of his sentencing to file a motion to withdraw his plea if he intended to seek direct review of his judgment by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals. See Clark, 468 F.3d at 713 (citing Oklahoma law regarding appellate review following conviction on a guilty plea). Because he did not move to withdraw his plea, Allen's judgment became final on October 26, 2017, when the time expired for him to seek direct review. His one-year limitation period, under the AEDPA, commenced the next day, October 27, 2017, and expired on October 29, 2018.[6]

Unless Allen can show that he can benefit from statutory or equitable tolling, the instant petition, filed December 1, 2021,[7] is clearly untimely under § 2244(d)(1)(A). And, as Crow argues, neither form of tolling applies. Allen cannot benefit from statutory tolling because he did not file any applications for postconviction relief or other collateral review in state court until June

---

[6] Allen's one-year limitation period expired on October 27, 2018. See Harris v. Dinwiddie, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of one-year limitation period). But because that date fell on a Saturday, Allen had until the following Monday, October 29, 2018, to file a timely federal habeas petition. FED. R. CIV. P. 6(a)(1)(C).

[7] The Clerk of Court received the petition on December 8, 2021. Dkt. # 1, at 1. But Allen declares, under penalty of perjury, that he placed the petition in the prison's legal mail system on December 1, 2021. Dkt. # 1, at 20. The Court thus deems the petition filed on December 1, 2021. Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts.

4

2019, several months after his one-year limitation period under § 2244(d)(1)(A) expired. Dkt. # 9, at 2; Dkt. # 9-2, at 8-14; see Clark, 468 F.3d at 714 (explaining that motions and applications filed after expiration of the limitation period do not qualify as tolling motions under § 2244(d)(2)). Similarly, Allen has not shown that he can benefit from equitable tolling of this one-year limitation period. Critically, Allen does not identify any specific facts showing either that he diligently pursued his claim that, because he is Native American, the State could not prosecute him for a crime he committed in Indian country, or that any extraordinary circumstances prevented him from filing a federal habeas petition asserting that claim before the limitation period expired on October 29, 2018. Holland, 560 U.S. at 649; Gibson, 232 F.3d at 808.

**B.**

Second, Allen has not demonstrated that any other provision of § 2244(d)(1) provides him a later commencing one-year limitation period that would make his December 2021 petition timely. In his petition, Allen appears to contend that his one-year limitation period began on July 9, 2020, when the Supreme Court issued its decision in McGirt. Dkt. # 1, at 18. Like Crow, the Court construes Allen's contention as asserting that the petition is timely under § 2244(d)(1)(C). Under that provision, the one-year limitation period begins to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). But this provision does not apply here because the McGirt Court did not recognize any new constitutional right relative to Allen's claim that the state improperly exercised criminal jurisdiction over his prosecution for a crime he committed in Indian country. See Pacheco v. El Habti, 48 F.4th 1179, 1191 (10th Cir. 2022) ("McGirt announced no new constitutional right."). And, even liberally construed, Allen's arguments in the petition and

5

response do not appear to assert that the petition might be timely under either § 2244(d)(1)(B) or § 2244(d)(1)(D). Thus, the only provision that applies is § 2244(d)(1)(A) and, as just discussed, the petition is untimely under that provision.[8]

### C.

Third, in response to Crow's dismissal motion, Allen argues that his claim challenges the convicting court's subject-matter jurisdiction and, thus, cannot be waived and can be raised at any time without regard to the applicable statute of limitations. Dkt. # 10, at 1-3. This argument, however, lacks merit. See Pacheco, 48 F.4th at 1190 ("When Congress enacted the limitations period in AEDPA, it discerned no reason to provide a blanket exception for jurisdictional claims."); Murrell v. Crow, 793 F. App'x 675, 678-79 (10th Cir. 2019) (unpublished)[9] (rejecting habeas petitioner's argument "that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea" and "reasoning that "the jurisdictional nature of [the petitioner's] due-process claim" did not bar dismissal of that claim as untimely); Cole v. Pettigrew, No. 20-CV-0459-JED-CDL, 2021 WL 1535364, at *2-3 (N.D. Okla. Apr. 19, 2021) (unpublished) (explaining that "the plain language of § 2244(d)(1)'s one-year statute of limitations makes no exception for claims challenging subject-matter jurisdiction"). In short, and contrary to Allen's apparent

---

[8] As previously stated, Allen expressly argues in his petition that the petition is timely because, with the benefit of statutory tolling, he filed it within one year of the McGirt decision. Dkt. # 1, at 18. But he appears to argue in his response that his claim rests on case law that existed before McGirt. Dkt. # 10, at 1-3. To the extent Allen argues that his claim relies on case law decided before McGirt was issued in July 2020, that argument further supports Crow's position that Allen did not diligently pursue his claim and has not shown that any circumstances prevented him from timely filing a federal habeas petition to assert that claim.

[9] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

position, a claim challenging the convicting court's jurisdiction is, like any other due-process claim asserted by a habeas petitioner, subject to the AEDPA's one-year statute of limitations.

### III.

For the reasons stated, 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claim asserted in the petition. The Court therefore grants Crow's motion to dismiss and dismisses Allen's petition for writ of habeas corpus. And, because the statute of limitations constitutes a plain procedural bar, the Court declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the Clerk of Court shall correct the record to reflect that petitioner's name is Nathan J. Allen;
2. the motion to dismiss (Dkt. # 8) is **granted**;
3. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**;
4. a certificate of appealability is **denied**;
5. and a separate judgment shall be entered in this matter.

**DATED** this 14th day of October, 2022.

*[signature]*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE